UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL VANDERLAAN,

        Plaintiff,

                              CASE NO. 02-CV-72072-DT
v.                             JUDGE JOHN CORBETT O'MEARA
                              MAGISTRATE JUDGE PAUL KOMIVES

WARREN H. HARDY et al.,

        Defendants.
_____ /

**REPORT AND RECOMMENDATION**

I.      RECOMMENDATION:

The Court should dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

      II.      REPORT:

A.    *Procedural Background*

On May 24, 2002, plaintiff, at that time a state prison inmate, filed a civil rights complaint naming two Michigan state troopers as defendants. On September 5, 2002 plaintiff filed a motion for appointment of counsel and on September 16, 2002, an attorney from the court's *pro bono* panel was appointed to represent plaintiff. After various pretrial motions were heard and decided, a notice scheduling a settlement conference was issued. The copy mailed to plaintiff, who had by this time been released from prison and was supposedly residing at 1024 North Road C-2, in Fenton Michigan, was returned as undeliverable (Docket item #59). However, plaintiff's counsel did appear at the settlement conference. No settlement was reached. The court was informed by plaintiff's

1

counsel that his client would not agree to a proposed settlement negotiated by counsel. Subsequently, plaintiff's counsel moved to withdraw. This motion was granted on March 4, 2005. The copy of this order sent to plaintiff at the address previously given to the court by his counsel was returned as undeliverable (Docket item # 65). Subsequently, counsel for defendants advised the court that he understood plaintiff was now residing at 7 Twin Echo Ct in Fairhope, Alabama. Thereafter, a notice of a conference to be held in this case was issued. The copy sent to plaintiff was again returned as undeliverable (Docket item # 67). A copy was then sent to plaintiff at the address furnished by defense counsel, and telephone contact was attempted because defense counsel indicated he had learned by telephone that plaintiff would be traveling from Alabama to Michigan at the time the conference was scheduled. The conference was originally set for June 23, 2005 at 10:00 a.m. but was advanced to June 21, 2005 at 1:00 p.m. with the understanding that plaintiff would be contacted by telephone by defense counsel to advise him of the change. The court was advised by defense counsel that messages had been left on plaintiff's phone advising him of the change..

On Tuesday, June 21, 2005, defense counsel, who had traveled to Detroit from Lansing Michigan, appeared at 1:00 p.m., the time set for the conference. Plaintiff did not appear. At 2:00 p.m. defense counsel was allowed to leave. Before leaving, counsel requested dismissal of the case. He was advised that a report recommending dismissal would be prepared and filed. Plaintiff did not contact the court to explain his failure to appear, nor did he appear on June 23, 2005, the original date indicated on the notice

B.     *Legal Standard*

    1. Rule 41(b) of the Federal Rules of Civil Procedure states that a case may be dismissed

involuntarily "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court . . ."

C.     *Analysis*

Plaintiff has failed to keep the court advised as to the address at which he can be sent notices and orders of the court. He also failed to appear at the conference scheduled for June 21, 2005. Because he has failed to prosecute and has failed to comply with orders of the court, his complaint should be dismissed and, as provided in Rule 41(b), the dismissal would constitute "an adjudication upon the merits" unless the court "in its order for dismissal otherwise specifies."

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this report and recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this report and recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections that are filed should be sent to this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically,

and in the same order raised, each issue contained within the objections.

                                                s/Paul J. Komives  
                                                PAUL J. KOMIVES  
                                                UNITED STATES MAGISTRATE JUDGE

Dated: 6/23/05

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 23, 2005.
>
>                                     s/Eddrey Butts  
>                                     Case Manager